**Morgan Lewis**

GRANTED IN PART. The portion of the agreement "reflecting compensation and account assignment arrangements for a teaming arrangement between experienced Financial Advisors and Plaintiff" may be sealed. By January 7, 2026, Defendants shall file a version of the Agreement that redacts those but no other provisions. The version of the agreement that was filed shall remain under seal.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 22 and 24.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 29, 2025

**Gina F. McGuire**
+1.212.309.6199
gina.mcguire@morganlewis.com

December 22, 2025

**VIA ECF**

Hon. Arun Subramanian, U.S.D.J.
United States District Court – Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:    <u>Bradley v. Bank of America Corp., et al., Civil Action No. 25-cv-6980-AS</u>

Dear Judge Subramanian:

We represent Defendants Bank of America Corp. and Merrill Lynch, Pierce, Fenner, & Smith Inc. in the above-captioned matter.  We write pursuant to Rules 11.B and 11.C of Your Honor's Individual Practices in Civil Cases to set forth the basis for sealing Exhibit A to Dkt. 21-2, the Bank Team Financial Advisor Agreement (the "Agreement"), which was filed by Plaintiff in connection with his Opposition (Dkt. 21) to Defendants' Omnibus Motion to Transfer Venue, Motion to Compel Arbitration and Motion to Stay (the "Motion," Dkt. 14).  Plaintiff notified Defendants of his intention to file the Agreement one day prior to his deadline for his Opposition. Because the Agreement contains confidential business information of Defendants, Defendants requested that to the extent Plaintiff filed the Agreement, it be filed under seal.  For the reasons set forth below, Defendants respectfully request that the Agreement remain under seal or, alternatively, be redacted such that only the single clause referenced in Plaintiff's Opposition be unsealed.

I.    <u>Legal Standard</u>

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of documents.  Fed. R. Civ. P. 26(c)(1).  In ruling on a motion to seal, the Court must carefully review the competing interests at stake.  *United States v. Amodeo*, 71 F.3d 1044, 1047-51 (2d Cir. 1995) ("*Amodeo I*").  The Court must balance the public's interest in access to judicial documents against countervailing interests, including the privacy interests of those resisting disclosure.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As stated in *Bd. of Trustees of AGMA Health Fund v. Aetna Life Ins. Co.*:

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

**T** +1.212.309.6000
**F** +1.212.309.6001

Hon. Arun Subramanian, U.S.D.J.
December 22, 2025
Page 2

> First, the court must determine whether the documents at issue are "judicial documents." Second, the court must assess the weight of the common law presumption of access that attaches to those documents. Third, the court must balance competing considerations against the presumption of access, such as . . . the privacy interests of those resisting disclosure.

No. 24-cv-5168, 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024) (internal quotations and citations omitted). As to the first inquiry, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo II*"). Rather, it "must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.*

In assessing the weight to be given to privacy interests, the Court should consider the following: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "[t]he nature and degree of [the] injury" that will be caused by revealing the information, which "will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." *Amodeo I*, 71 F.3d at 1051. "[P]rotecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (citing *Amodeo I*, 71 F.3d at 1051). Courts "have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing…." *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, No. 19-cv-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (internal citations omitted).

## II.    The Agreement Should Be Sealed or Redacted.

First, the Agreement should be sealed because it includes confidential business information, specifically terms reflecting compensation and account assignment arrangements for a teaming arrangement between experienced Financial Advisors and Plaintiff. Although the Agreement is no longer in effect, it contains detail regarding the types of financial arrangements that Defendants strike with their Financial Advisors; this information should be shielded from Defendants' competitors lest they use it to their advantage in recruiting other Financial Advisors. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (allowing the sealing of documents reflecting compensation information and explaining that the disclosure of such information might harm a litigant's competitive standing and allow competitors to more efficiently hire employees away from the employer); *see also Kelly v. Evolution Mkts., Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (granting "motion to seal the portions of the record that disclose the parties' Employment Agreement[,]" "[f]inding good cause to keep employment and compensation agreements confidential"); *Cellular Commc'ns Equip., LLC. v. Apple Inc.*, No. 14-251, 2017 WL 10311215, at *4 (E.D. Tex. Jan. 5, 2017) (granting motion to seal "compensation agreement,"

Hon. Arun Subramanian, U.S.D.J.
December 22, 2025
Page 3

reasoning that "[p]ublic disclosure of this information will disadvantage [the business] by allowing its competitors to offer better terms to prospective employees"); *Robert Half Int'l, Inc. v. Ainsworth*, No. 14-2481, 2015 WL 4394805, at *3 (S.D. Cal. July 15, 2015) (holding that there was "good cause" to seal defendants' "Compensation Agreements with Plaintiff"); *Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. 10-2037, 2012 U.S. Dist. LEXIS 50924, at *6 (N.D. Cal. Apr. 11, 2012) (holding that there was "good cause to seal" "portions of [motion] that reference[d] confidential statements . . . regarding private compensation agreements").

Second, the confidential information contained in the Agreement is not relevant to Plaintiff's Opposition, which references only one term of the Agreement – the choice of law provision (Paragraph 12). *See* Dkt. 21 at 24; *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished summary order) ("'Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason.'" (quoting *Amodeo I*, 71 F.3d at 1050.)); *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 714 F. Supp. 3d 416, 451-52 (S.D.N.Y. 2024), *aff'd*, No. 24-cv-423, 2025 WL 289499 (2d Cir. Jan. 24, 2025) (in part granting the request to seal certain documents, explaining, "These documents … attached to the [] Declaration, were not significantly relevant to, and played little or no role in, the Court's decisions …. The pertinent privacy interests therefore assume a more prominent position in the weighing calculus and, in the Court's view, warrant keeping these documents sealed."). As a result, the public's interest in access to the Agreement is minimal as compared to Defendants' privacy interest in their business documents.

Third, Defendants respectfully submit that the Agreement should, at minimum, remain sealed until the Motion is decided. *See UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-cv-4897 (JMF), 2024 WL 4355029, at *12 (S.D.N.Y. Sept. 30, 2024) (noting that the court "temporarily granted" letter motions to seal, "noting that it would assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.").

Should this Court deny the request to fully seal the Agreement, Defendants respectfully request that the Court approve redacting all but the choice of law clause in the Agreement, as that is the only provision even assertedly relevant to Plaintiff's Opposition. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13-cv-1654 RA HBP, 2015 WL 4298572, at *2 (S.D.N.Y. July 15, 2015) (approving redactions that do not implicate judicial documents, "i.e., documents relevant to the performance of the judicial function and useful in the judicial process." (quotations omitted)).

For the foregoing reasons, Defendants respectfully request that this Court grant their application to keep the Agreement under seal or, in the alternative, to redact all but the choice of law provision.

Respectfully submitted,

*/s/ Gina F. McGuire*
Gina F. McGuire