Morgan Lewis 

January 14, 2026

**VIA ECF AND ELECTRONIC MAIL**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 15A
New York, NY 10007-1312

Re:   *Bradley v. Bank of America Corp., et al.*, Civil Action No. 25-cv-6980-AS

Dear Judge Subramanian,

Plaintiff Johnni Bradley and Defendants Bank of America Corp. and Merrill Lynch, Pierce, Fenner & Smith Inc. write jointly pursuant to this Court's Notice of Initial Pretrial Conference (Dkt. 7). The Parties also submit the attached Proposed Civil Case Management Plan. (Exhibit 1.)

### I.   Nature of the Action

Mr. Bradley works for Defendants as a financial advisor and brings claims of race discrimination and related retaliation under 42 USC § 1981, promissory estoppel, and breach of contract. Defendants deny all of Plaintiff's claims including that Mr. Bradley was subjected to any form of discrimination or retaliation.

### II.   Jurisdiction and Venue

Plaintiff's Position: Plaintiff's claims arise under 42 U.S.C. § 1981. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. In addition, this Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and more than $75,000 is in controversy. Mr. Bradley is a citizen of Texas. Defendant Bank of America Corp. is incorporated in Delaware with a principal place of business in North Carolina. Defendant Merrill Lynch, Pierce, Fenner, & Smith Inc. is incorporated in Delaware with a principal place of business in New York.

As set forth more fully in his Response to Defendants' Omnibus Motion (Dkt. 21), this case is properly before this Court. Venue is proper under 28 U.S.C. § 1391(b), and Defendants do not meet the heavy burden required to disturb Plaintiff's choice of venue. As just one example, regarding the location of witnesses and availability of process to compel witnesses, Defendants present a few witnesses located in Texas (though not necessarily in the Western District of Texas) although there are witnesses located elsewhere and make no showing of whether any

Hon. Arun Subramanian

witness would be unwilling to testify if the case remained in this Court. Further, Defendants argue that transfer is needed to effectuate the Arbitration Policy. Even if it were proper to compel Plaintiff to arbitration (it is not, for the reasons set forth in Plaintiff's Response), the proper course would be to stay this action pending arbitration, as is common in this Circuit, instead of transferring the case to the Western District of Texas. Further, the two arbitral forums included in the Arbitration Policy administer arbitrations through regional offices, and neither has a regional office located in the Western District of Texas. Therefore, if a Western District of Texas court were to compel Plaintiff to arbitration, it would do so to a forum located outside of that district.

Defendants' Position: As set forth in the Omnibus Motion, this action should be transferred to the Western District of Texas, San Antonio Division because Plaintiff lives and works in San Antonio, Texas; the events that Plaintiff complains of allegedly occurred in Texas; the witnesses are in Texas; and the majority rule in this Circuit is that only the Western District of Texas can compel arbitration in Bexar County, Texas, the location specified in the Bank's Arbitration Policy as where Plaintiff's claims must be arbitrated. After the transfer, because Plaintiff is bound by the Bank's Arbitration Policy, he must arbitrate his claims, and this action should be stayed pending arbitration. Plaintiff assented to the Arbitration Policy by continuing employment for thirty days after the Bank distributed the Arbitration Policy to him and each of the claims in his Complaint is subject to arbitration.

### III.    Existing Deadlines

Defendants' reply brief regarding their Omnibus Motion is due January 15, 2026. The parties' initial pretrial conference with the Court is scheduled for January 22, 2026.

There are no other existing deadlines, due dates, or cut-off dates.

### IV.    Outstanding Motions

Defendants' reply brief regarding their Omnibus Motion is due January 15, 2026, after which time the Omnibus Motion will be pending before the Court.

### V.    Discovery

Plaintiff's Position: As set forth more fully in his Response to Defendants' Omnibus Motion (Dkt. 21), Plaintiff believes that discovery should not be stayed during the pendency of Defendants' Omnibus Motion. Plaintiff is ready to engage in discovery, and regardless of whether this case is litigated in this Court or another venue, core discovery would remain the same and is ripe for exchange. That said, Plaintiff will of course defer to any guidance from the Court on the issue, including any guidance provided at the initial pretrial conference.

To engage in meaningful settlement negotiations, the following discovery would be helpful: data regarding the client accounts of the team Bradley left and the distribution of the accounts of the team member who passed away; documents regarding any complaints or discrimination made by Mr. Bradley or by others against Mr. Bradley's management or former team, and any investigation of those complaints.

Hon. Arun Subramanian

Defendants' Position: To conserve judicial resources, because the claims in this matter must be arbitrated and are therefore outside the Court's jurisdiction, and to conserve the parties' resources, this action including any discovery should be stayed pending rulings on Defendants' Omnibus Motion (Dkt. 13-15). "District courts generally stay discovery where a motion to compel arbitration is pending before the court." *NAVCAN.DC, Inc. v. Rinde*, No. 23-2267, 2023 U.S. Dist. LEXIS 175493, at *1 (S.D.N.Y. Sept. 26, 2023). "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478-79 (2024). Furthermore, a stay would also avoid usurping the role of the arbitrator and of rules that apply in arbitration as the arbitrator must be left to determine the appropriate scope of discovery. "[D]iscovery and evidentiary issues that arise in the context of a pending arbitration proceeding are committed to the discretion of the arbitrator, at least in the first instance." *Turner v. CBS Broad. Inc*., 599 F. Supp. 3d 187, 191 (S.D.N.Y. 2022). As a result, in Exhibit 1, Defendants propose that no discovery deadlines be set at this time, pending resolution of the Omnibus Motion.

### VI.    Settlement Discussions

The parties have discussed the parameters of a potential mediation, but have not engaged in formal settlement discussions.

### VII.    Alternate Dispute Resolution

The parties have discussed potential mediation and do not believe scheduling mediation or a settlement conference would be appropriate at this time.

### VIII.    Additional Information

The parties do not believe there is additional information to provide at this time.

Respectfully submitted,

| MORGAN, LEWIS & BOCKIUS LLP | STOWELL & FRIEDMAN, LTD. |
|---|---|
| */s/ Gina McGuire* | */s/ Linda D. Friedman* |
| Gina McGuire | Linda D. Friedman (*pro hac vice*) |
| 101 Park Avenue | Jennifer S. Gilbert |
| New York, NY 10178-0060 | 303 W. Madison St., Suite 2600 |
| Phone: 212-309-6000 | Chicago, Illinois 60606 |
| Fax:  212-309-6001 | Phone: 312-431-0888 |
| Email:  gina.mcguire@morganlewis.com | Fax: 312-431-0228 |
| | Email:  lfriedman@sfltd.com |
| | jgilbert@sfltd.com |
| *Attorney for Defendants* | *Attorneys for Plaintiff* |